IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| **JORDAN GRUBB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:21-CV-37 (Keeley) |
| | ) |
| **JASON O. HENSLEY,** | ) |
| individually as a member of the | ) |
| West Virginia State Police and | ) |
| **JEREMY R. GARRETT,** | ) |
| individually as a member of the | ) |
| West Virginia State Police, | ) |
| | ) |
| **Defendants.** | ) |

ELECTRONICALLY FILED
Mar 16 2021
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

**COMES NOW**, Plaintiff Jordan Grubb, by counsel, and for his Complaint states and alleges as follows:

## JURY DEMAND

1. Plaintiff hereby demands a trial by jury.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 and under this Court's authority to decide pendent state law claims.

3. Plaintiff files this Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Specifically, Plaintiff alleges that his rights under the Fourth Amendment to the United States Constitution were violated by Defendants when they used excessive and unreasonable force during the detainment and arrest of Plaintiff on March 16, 2019 in Rosedale, Braxton County, West Virginia.

4. Venue is proper because one or more of the above-named Defendants reside within the Northern District of West Virginia, Clarksburg Division, and the incident giving rise to this Complaint occurred in the Northern District of West Virginia, Clarksburg Division.

**PARTIES**

5. Plaintiff Jordan Grubb (hereinafter "Plaintiff") was at all times relevant hereto a resident of Braxton County, West Virginia.

6. Defendant Jason O. Hensley (hereinafter "Trooper Hensley") was at all times relevant hereto a police officer with the West Virginia State Police and was at all times relevant hereto acting under color of law and within the scope of his employment. Trooper Hensley who, upon information and belief, resides in Lewis County, West Virginia, is sued only in his individual capacity.

7. Defendant Jeremy R. Garrett (hereinafter "Trooper Garrett") was at all times relevant hereto a police officer with the West Virginia State Police and was at all times relevant hereto acting under color of law and within the scope of his employment. Trooper Garrett who, upon information and belief, resides in Braxton County, West Virginia, is sued only in his individual capacity.

8. Defendants are sued up to the limits of the insurance policy that provides liability coverage for their actions and omissions.

**FACTS**

9. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10. On March 16, 2019, Plaintiff was involved in a domestic dispute with some of his neighbors, Ron and Angela Cadle (hereinafter, the "Cadles"). The Cadles

came on Plaintiff's property, threw rocks at Plaintiff's house (breaking several windows), and brandished a weapon.

11. Plaintiff's wife, Elizabeth Grubb (hereinafter "Mrs. Grubb"), who was home with their two (2) small children, called 911.

12. After the Cadles left Plaintiff's property, several law enforcement officers arrived on the scene.

13. Upon information and belief, three (3) West Virginia State Police Troopers (including Defendants) and two (2) Braxton County Sheriff's Deputies eventually arrived at Plaintiff's home.

14. Plaintiff was charged with battery and destruction of property arising out of the dispute with the Cadels, handcuffed behind his back by Trooper Garrett, and placed under arrest.

15. Even though Plaintiff was handcuffed and placed under arrest without incident, Trooper Hensley unholstered his Taser, pointed it Plaintiff, and said, "we can do this the easy way or the hard way."

16. While Plaintiff was being arrested, he said something along the lines of, "this is fucking bullshit." Plaintiff felt aggrieved because he was being attacked by the Cadels at his home where his wife and small children were.

17. This outburst evidently angered Trooper Hensley, who grabbed the handcuffed Plaintiff by the back of his head and kneed him three (3) times on the left side of his face/head.

18. This assault by Trooper Hensley was witnessed by Mrs. Grubb, who screamed, "you can't hit him like that!"

19. After being assaulted by Trooper Hensley for no legitimate reason, Troopers Hensley and Garrett took the handcuffed Plaintiff around to the opposite side of their police cruiser (out of view of Mrs. Grubb, who was standing on the porch).

20. Once behind the police cruiser, Plaintiff was thrown to the ground by Troopers Hensley and Garrett who both then repeatedly punched, kicked, and kneed Plaintiff in the ribs, chest, and buttocks.

21. Even though she could not see him, Mrs. Grubb could hear her husband screaming in pain as he was being beaten and crying out, "I'm not doing anything!"

22. Once Trooper Hensley came back into view, Mrs. Grubb saw that he was again pointing his Taser at Plaintiff.

23. At no point during his detainment and arrest would an objectively reasonable police officer believe that Plaintiff posed an immediate threat to the safety of Troopers Hensley and Garrett or anyone else.

24. At no point during his detainment and arrest did Plaintiff resist arrest.

25. At no point during his detainment and arrest did Plaintiff attack, assault, or threaten Troopers Hensley and Garrett.

26. At no point during his detainment and arrest was Plaintiff armed or suspected of being armed.

27. Plaintiff was eventually put inside Trooper Hensley and Trooper Garrett's police cruiser and driven away.

28. However, on the way to the Sutton Detachment of the West Virginia State Police, Plaintiff told Troopers Hensley and Garrett that he needed to go to the hospital. The Troopers evidently did not like that, because instead of taking Plaintiff to get medical

attention, they stopped the cruiser on the side of the road and attempted to drag Plaintiff out of the backseat, presumably for another beating.

29. Thankfully, Plaintiff resisted the attempt and was able to keep himself inside the vehicle, so Troopers Garret and Hensley repeatedly punched him on his left flank/ribs instead.

30. Plaintiff was then taken to Braxton Memorial Hospital where he reported having an "altercation with police" during which he was "struck with fists in the head several times, and also the chest, particularly the left chest wall..."

31. Radiological scans at Braxton Memorial Hospital were unremarkable, so Plaintiff was discharged to Central Regional Jail.

32. However, the following day, a radiologist reviewing the CT scan of Plaintiff's head determined that he might have brain bleed, so Plaintiff was brought from jail back to Braxton Memorial Hospital for further evaluation.

33. A physical examination at Braxton Memorial Hospital revealed a right sided headache and left-sided chest wall tenderness. Repeat CT scans of Plaintiff's head were performed, which were negative for an intercranial hemorrhage.

34. Later that day, on March 17, 2019, once Plaintiff was released from jail, he was taken by Mrs. Grubb to the emergency room at Charleston Area Medical Center ("CAMC") with "multiple complaints of pain [status post] alleged assault by state police yesterday."

35. A physical exam of Plaintiff at CAMC again revealed left-sided chest wall tenderness. Chest and lumbar x-rays were performed, which were unremarkable. Plaintiff was discharged after being diagnosed with "assault" and "rib contusions."

36. On March 22, 2019, Plaintiff returned to the emergency room at CAMC complaining of ongoing headache, dizziness, and blurred vision following an altercation with police the week prior. Repeat CT scans of Plaintiff's head and cervical spine were performed, as well as repeat chest x-rays, which were all unremarkable. Plaintiff was diagnosed with "post-concussion syndrome" and "chest wall contusions."

37. On April 25, 2019, Plaintiff was again seen at the emergency room at CAMC complaining of right knee pain, swelling, and decreased range of motion after his right knee hit the ground while being tackled by police "approximately one month ago." X-rays of his right knee were performed, which were unremarkable. Plaintiff was diagnosed with a right knee contusion and discharged.

38. The charges brought against Plaintiff for assault and destruction of property were ultimately dismissed pursuant to a pretrial diversion and the bogus charges brought by the West Virginia State Police against Plaintiff for assault were dismissed outright.

### COUNT I – EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983

39. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40. Troopers Hensley and Garrett, while acting under color of law and within the scope of their employment, violated Plaintiff's constitutional rights by using excessive and unreasonable force, as described hereinabove, during the detainment and arrest of Plaintiff on March 16, 2019, resulting in serious bodily injury.

41. At all material times, Troopers Hensley and Garrett were acting as a West Virginia State Troopers.

42. The actions of Troopers Hensley and Garrett, described hereinabove, violated the constitutional rights guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

43. The brutal actions of Troopers Hensley and Garrett, described hereinabove, were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

44. At all material times, Troopers Hensley and Garrett did not have an objectively reasonable fear of imminent bodily harm when they brutally beat Plaintiff, which would justify their unreasonable and excessive use of force.

45. At all material times, Troopers Hensley and Garrett did not have an objectively reasonable belief that any other person was in danger of imminent bodily harm from Plaintiff, which would justify their unreasonable and excessive use of force.

46. Troopers Hensley and Garrett's violent actions, described hereinabove, were unlawful and unjustified.

47. As a direct and proximate result of Troopers Hensley and Garrett's unreasonable, unjustified, and unconstitutional beating, Plaintiff suffered severe and permanent injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

48. In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and cost incurred during the course of this litigation.

49. The actions of Troopers Hensley and Garrett were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT II – BATTERY

50. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 49 as though fully set forth herein.

51. Troopers Hensley and Garrett committed battery upon Plaintiff, proximately causing severe and debilitating bodily injury.

52. As a direct and proximate result of Troopers Hensley and Garrett's brutal, unprovoked, and unjustified beating, Plaintiff suffered severe and permanent injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

53. The actions of Troopers Hensley and Garrett were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT III – NEGLIGENCE

54. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 53 as though fully set forth herein.

55. At all times relevant hereto, Troopers Hensley and Garrett owed Plaintiff a duty of care.

56. Troopers Hensley and Garrett, while acting within the scope of their employment as West Virginia State Troopers, breached his duty of care to Plaintiff.

57. As a direct and proximate result of Troopers Hensley and Garrett's breach of their duty of care, Plaintiff suffered severe and permanent bodily injury, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

58. The actions of Troopers Hensley and Garrett were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendants in an amount to be proven at trial, together with pre-judgment and post-judgment interest; for all damages recoverable under law; for punitive damages, where applicable; for attorneys' fees under 42 U.S.C. § 1983; for expenses and costs of litigation; and for such other and further relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                              **JORDAN GRUBB**
                              **By Counsel**

                              */s/ Russell A. Williams*
                              Russell A. Williams
                              WV State Bar No. 12710
                              Katz, Kantor, Stonestreet & Buckner, PLLC
                              207 South Walker Street
                              Princeton, WV  24740
                              (304) 431-4053

rwilliams@kksblaw.com