```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JORDAN GRUBB,**

      **Plaintiff,**

   v.                                 **CIVIL NO. 1:21-CV-37**
                                                        **(KLEEH)**

**JASON O. HENSLEY, individually
and as a member of the West Virginia
State Police, and JEREMY R. GARRETT,
individually and as a member of the
West Virginia State Police,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING
PARTIAL MOTION TO DISMISS [ECF NO. 9]**

Pending before the Court is a partial motion to dismiss filed by the Defendants, Jason O. Hensley ("Hensley") and Jeremy R. Garrett ("Garrett") (together, "Defendants"). For the reasons discussed herein, the Court **GRANTS** the motion.

      **I.**    **PROCEDURAL HISTORY**

On March 16, 2021, Plaintiff Jordan Grubb ("Plaintiff") filed a complaint asserting three causes of action against Defendants: (I) Excessive Use of Force Under 42 U.S.C. § 1983; (II) Battery; and (III) Negligence. Defendants filed a partial motion to dismiss on April 8, 2021. The motion is fully briefed and ripe for review.

**MEMORANDUM OPINION AND ORDER GRANTING
PARTIAL MOTION TO DISMISS [ECF NO. 9]**

## II.  FACTS[1]

On March 16, 2019, Plaintiff was involved in a domestic dispute with his neighbors, Ron and Angela Cadle (together, the "Cadles"). See Compl., ECF No. 1, at ¶ 10. Several law enforcement officers arrived on the scene, including Hensley and Garrett, who were with the West Virginia State Police. Id. ¶¶ 6, 7, 12. Plaintiff was charged with battery and destruction of property, handcuffed, and placed under arrest. Id. ¶ 14.

While Plaintiff was handcuffed, Hensley pointed his taser at Plaintiff and said, "We can do this the easy way or the hard way." Id. ¶ 15. Plaintiff said something along the lines of, "This is f***ing bullsh*t." Id. ¶ 16. Hensley then grabbed Plaintiff by the back of his head and kneed him three times on the left side of the head. Id. ¶ 17. Hensley and Garrett brought Plaintiff behind the police cruiser, threw him to the ground, and repeatedly punched, kicked, and kneed him. Id. ¶ 20. Plaintiff never resisted arrest and never attacked, assaulted, or threatened Hensley and Garrett. Id. ¶¶ 24, 25. Plaintiff was not armed. Id. ¶ 27.

Defendants placed Plaintiff in their police cruiser and drove away. Id. ¶ 27. On the way to the police station, Plaintiff told

---

[1] For purposes of analyzing the partial motion to dismiss, the Court assumes that Plaintiff's asserted facts are true.

Defendants that he needed to go to the hospital. Id. ¶ 28. Defendants then stopped the cruiser on the side of the road and attempted to drag Plaintiff out of the back seat. Id. Plaintiff resisted the attempt and remained inside the vehicle, and Garrett and Hensley repeatedly punched him on his left flank/ribs. Id. ¶ 29. Plaintiff was then taken to the hospital and visited the doctor numerous times in the days to follow. Id. ¶¶ 30-37.

### III. STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV.  DISCUSSION

Qualified immunity is "a different kind of limited immunity to the State and its law enforcement officer for discretionary acts negligently committed within the scope of his employment." Hupp v. Cook, No. 2:17-cv-00926, 2017 WL 3392780, at *4 (S.D.W. Va. Aug. 7, 2017) (Johnston, J.) (citing Hess v. W. Va. Dep't of Corr., 705 S.E.2d 125, 128 (W. Va. 2010)). Put simply, "simple assertions of negligence" are barred against qualifying state officers acting within the scope of their employment. See E.B. v. W. Va. Reg'l Jail, Nos. 16-0090, 16-0092, 2017 WL 383779, at *6-7 (W. Va. Jan. 27, 2017) (memorandum decision); Sweat v. West Virginia, No. 3:16-5252, 2016 WL 7422678, at *8 (S.D.W. Va. Dec. 22, 2016) (Chambers, J.) (noting that "qualified immunity protects individual officers from civil suits even if brought in their

individual capacity, including negligence, when acting within the scope of their employment").

> In the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, et seq., and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer.

As the Supreme Court of Appeals of West Virginia has found,

Syl. Pt. 7, Jarvis v. W. Va. State Police, 711 S.E.2d 542 (W. Va. 2010) (citing Syl. Pt. 6, Clark v. Dunn, 465 S.E.2d 374 (W. Va. 1995) (which found that the lower court erred by holding that qualified immunity was not a defense to simple negligence)). "The doctrine [of qualified immunity] protects all government officials who exercise their discretion in fulfilling their duties. . . . Negligence simply is not sufficient for liability to be imposed under this standard." Sweat, 2016 WL 7422678, at *8.

Here, Defendants are officers with the West Virginia State Police. Count Three alleges simple negligence against them. Specifically, Plaintiff alleges that Defendants "owed Plaintiff a duty of care" and that "while acting within the scope of their employment," Defendants breached the duty of care. See Compl., ECF No. 1, at ¶¶ 55, 56. Plaintiff alleges that "[a]s a direct

and proximate result of [Defendants'] breach of their duty of care, Plaintiff suffered severe and permanent bodily injury," and he seeks compensation for various damages. Id. ¶ 57. Plaintiff also pleads that both Hensley and Garret were, "at all times relevant hereto," acting "within the scope of [their] employment." Id. ¶¶ 6, 7. Because Defendants are state officials, a simple negligence claim cannot be asserted against them, and Count Three fails as a matter of law.

Count Three also fails because Plaintiff alleges intentional conduct by Defendants. The United States Court of Appeals for the Fourth Circuit has recognized that under West Virginia law, a plaintiff cannot "prevail on a claim of simple negligence based on . . . [an] intentional act." Smith v. Lusk, 533 F. App'x 280, 284 (4th Cir. 2013) (citing Stone v. Rudolph, 32 S.E.2d 742, 748 (W. Va. 1944)). "Negligence and wilfulness are mutually exclusive terms which imply radically different mental states." Stone, 32 S.E.2d at 748. Here, the acts that Plaintiff alleges were committed by Defendants were intentional acts of physical abuse. For this additional reason, Count Three must be dismissed.

## V.  CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the partial motion to dismiss and **DISMISSES** Count Three **WITH PREJUDICE**.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER GRANTING**
**PARTIAL MOTION TO DISMISS [ECF NO. 9]**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: September 22, 2022

*Tom S Kleeh*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA