IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JORDAN GRUBB,

       Plaintiff,

   v.                                CIVIL NO. 1:21-CV-37
                                               (KLEEH)

JASON O. HENSLEY, individually
as a member of the West Virginia
State Police, and JEREMY R. GARRETT,
individually as a member of the West
Virginia State Police,

       Defendants.

MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]

Pending before the Court are Defendants' motions in limine, Plaintiff's omnibus motions in limine, Plaintiff's objections to Defendants' proposed exhibits, and Defendants' motion to exclude certain of Plaintiff's proposed exhibits.  The Court will address each in turn.

I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff Jordan Grubb ("Plaintiff") brought this action against two West Virginia State Police officers, Jason O. Hensley ("Hensley") and Jeremy R. Garrett ("Garrett") (together, "Defendants").  On March 16, 2019, Plaintiff was involved in a domestic dispute with his neighbors.  <u>See</u> Compl., ECF No. 1, at ¶ 10.  Several law enforcement officers arrived on the scene,

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

including Hensley and Garrett.  Id. ¶¶ 6, 7, 12.  Plaintiff was handcuffed, arrested, and criminally charged.  Id. ¶ 14.

Plaintiff alleges that while he was handcuffed, Hensley pointed his taser at Plaintiff and said, "We can do this the easy way or the hard way."  Id. ¶ 15.  Plaintiff said something along the lines of, "This is f***ing bullsh*t."  Id. ¶ 16.  Hensley then allegedly grabbed Plaintiff by the back of his head and kneed him three times on the left side of the head.  Id. ¶ 17.  Plaintiff alleges that Hensley and Garrett brought him behind the police cruiser, threw him to the ground, and repeatedly punched, kicked, and kneed him.  Id. ¶ 20.  Plaintiff alleges that he was not armed and that he never resisted, attacked, assaulted, or threatened Hensley and Garrett.  Id. ¶¶ 24-26.

Defendants placed Plaintiff in their police cruiser and drove away.  Id. ¶ 27.  Plaintiff alleges that on the way to the police station, he told them that he needed to go to the hospital.  Id. ¶ 28.  Defendants then stopped the cruiser on the side of the road and attempted to drag Plaintiff out of the back seat.  Id. Plaintiff alleges that he resisted the attempt and remained inside the vehicle, and Garrett and Hensley repeatedly punched him on his left flank and ribs.  Id. ¶ 29.  Plaintiff was then taken to the hospital and visited the doctor numerous times in the days to

GRUBB V. HENSLEY ET AL.                                          1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

follow.  Id. ¶¶ 30–37.

Plaintiff asserts the following causes of action:

- Count One: Excessive Use of Force under 42 U.S.C. § 1983; and

- Count Two: Battery.[1]

## II.   DEFENDANTS' MOTIONS IN LIMINE [ECF NO. 47]

Plaintiff never filed a response to Defendants' motions in limine [ECF No. 47], and during the pretrial conference on October 17, 2022, Plaintiff stated that he had no objection to the motions. As such, they are **GRANTED** [ECF No. 47].

## III.   PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE [ECF NO. 48]

Plaintiff filed omnibus motions in limine [ECF No. 48]. Defendants responded to some of Plaintiff's arguments, stating that "[m]ost of Plaintiff's motions are boilerplate requests with no specific application to this matter, and they do not warrant a specific response."  The Court will address each of Plaintiff's motions herein.

### 1.   Determining relevancy of every photograph/video/film outside of the jury's presence

If Defendants seek to introduce any photograph, video recording, or film into evidence, Plaintiff asks that the same be

---

[1] Count Three (Negligence) was dismissed on September 22, 2022.  See ECF No. 63.

GRUBB V. HENSLEY ET AL.                                    1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

tendered to the Court and Plaintiff outside of the jury's presence
so that the Court may determine its relevance and admissibility
before the jury learns of its existence.  Defendants did not
respond to this motion in their brief.

During the pretrial conference, Defendants explained that
there are multiple videos[2] of Plaintiff that were recorded after
March 16, 2019, and are relevant to the issue of damages.  One
video, Defendants' Exhibit 14, was recorded on May 18, 2020.  It
depicts an interaction between Plaintiff and a man named Spencer.
Spencer is driving a vehicle with a passenger, and the passenger
is recording the video.  Plaintiff walks up to the vehicle and
begins to threaten Spencer and the passenger about what would
happen if they went "flying" through the area again.  Spencer and
the passenger argue with Plaintiff.  Plaintiff reaches inside the
vehicle and hits Spencer in the head.  Spencer gets out of the
car, and the recording passenger is screaming at them to stop, but
Spencer then returns to the car.

Another video, Defendants' Exhibit 18, was recorded on May
22, 2019.  It depicts two individuals, one of whom is filming,
sitting in a truck.  Their truck is parked in the road, and

---

[2] The Court assumes that the parties are discussing Defendants' Exhibits 14 and
18.

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

Plaintiff's vehicle is parked in front of the truck.  Plaintiff repeatedly walks back and forth between the two vehicles, swearing and threatening the truck's occupants, smacking the truck, and filming the occupants of the truck.  Plaintiff argued during the pretrial conference that Defendants want to admit the videos into evidence solely because Plaintiff looks bad in these videos.  He argued that the videos are improper character evidence.

The Court has reviewed Exhibits 14 and 18 and agrees with Defendants that the videos are relevant to the issue of damages. According to Defendants, Plaintiff claims that due to the purported injuries he suffered in this case, he was no longer physically capable of maintaining his lawn care/landscaping business, he was unable to walk, he was "unable to get off the couch, basically," he was unable to drive, and he is entitled to lost wages.  He further alleges that "since the incident with defendants, due to his emotional injuries, Plaintiff is seeing a therapist and has been prescribed prescription medication for anxiety and depression."

Despite Plaintiff's claims, in both Exhibit 14 and Exhibit 18, he can be seen walking around.  Exhibit 18 also leads one to infer that Plaintiff was driving.  While the Court agrees that the videos are prejudicial to Plaintiff, their probative value is not

GRUBB V. HENSLEY ET AL.                                            1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

"substantially outweighed," as required by Rule 403, by the danger
of unfair prejudice, confusing the issues, or wasting the Court's
time.   Further, the videos do not constitute improper character
evidence when admitted for the purposes of assessing damages.
Therefore, this motion in limine is **DENIED**.   The Court plans to
provide the jury with a limiting instruction that will clarify the
scope of its consideration of the videos.

    **2.   Mentioning the effect/result of this claim upon
insurance rates, premiums, or charges**

    Plaintiff has moved the Court to preclude any mention of the
effect or result of this claim, suit, or judgment upon insurance
rates, premiums, or charges, either generally or as particularly
applied to Defendants as a result of this or any other matter.   In
Response, Defendants agree that there is no reason to discuss
insurance coverage in this matter.   Because the Court intends to
conduct the trial in accordance with the Federal Rules of Evidence
and Civil Procedure, this motion is **GRANTED**.

    **3.   Introduction of any document not previously identified**

    Plaintiff has moved the Court to preclude the introduction of
any document not identified and produced pursuant to discovery
requests for same, or otherwise not disclosed in accordance with
the Court's orders.   It goes without saying that the Court intends
to follow the Federal Rules of Evidence and Civil Procedure and

GRUBB V. HENSLEY ET AL.                                    1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

expects the parties to comply with its orders.   This motion is
**HELD IN ABEYANCE.**

### 4.   Mention of Plaintiff's criminal history

Plaintiff has moved the Court to preclude questions,
evidence, or argument pertaining to Plaintiff's past criminal
history, prior arrests, or subsequent arrests.   Plaintiff argues
that this evidence is inadmissible under Rules 401–403 of the
Federal Rules of Evidence.   During the pretrial conference,
Plaintiff also argued that this evidence should be excluded under
Rule 404(b) and should not be used for impeachment purposes.

In Response, Defendants argue that Plaintiff's prior criminal
history is relevant to the question of damages — specifically, his
alleged post-traumatic stress disorder ("PTSD") stemming from
prison sentences served for prior offenses.   In Plaintiff's
discovery responses, he alleges that he suffered "emotional
injuries as a result of this incident" and was treated for
counseling.   See Exh. B, Response, ECF No. 49-2, at 4.[3]   Plaintiff's
mental health provider cited Plaintiff's PTSD from previously
being in prison as the focus of his treatment: "What we focused
our treatment on was traumatic experiences in prison that involved

---

[3] This refers to page 4 of the discovery responses, not page 4 of the PDF that
was filed.

7

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

him being beaten up badly by other inmates and witnessing other stabbings and beatings while in prison." See Exh. C, Response, ECF No. 49-3, at 17:17-20. She also testified that her PTSD diagnosis was related to his experiences in prison:

> Q: And the post-traumatic stress disorder that you entered a diagnostic code for him, was that related to what happened to him or what he observed in prison, in your opinion?
>
> A: It seems as though, based on his reports and the symptoms that he presented with and the majority of our intake session being spent on discussing the situations that occurred in prison, that's why I gave him that, why I formed that impression, yes.

Snyder Dep., Proposed Tr. Exh. 16, at 19:3-11. During the pretrial conference, Defendants argued that Plaintiff's criminal history is also relevant to his lost wages claim; Plaintiff is having trouble finding employment because he is a federal felon.

The Court agrees with Defendants that Plaintiff's prior criminal history is relevant to the issue of damages. If Plaintiff asserts that he has suffered emotional damages based on what happened in this case, and his mental health concerns include PTSD based on prior prison sentences, Defendants may introduce evidence of Plaintiff's criminal history. The evidence's probative value is not "substantially outweighed," as required by Rule 403, by the danger of unfair prejudice, confusing the issues, or wasting the

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

Court's time.  Plaintiff's prior criminal history is also relevant to his lost wages claim, to the extent that a criminal record may make it more difficult to find employment.  This evidence does not constitute improper character evidence when admitted for the purposes of assessing damages.  The evidence is also admissible for impeachment purposes to the extent that Defendants comply with the Rules of Evidence.

Further, evidence relating to Plaintiff's subsequent arrests is admissible for the reasons articulated below with respect to Plaintiff's objections to exhibits [ECF No. 60].  For these reasons, Plaintiff's motion is **DENIED**.  The Court plans to provide the jury with a limiting instruction that will clarify the scope of its consideration of Plaintiff's criminal history.

## 5. Mention of Plaintiff's drug/alcohol use

Plaintiff has moved the Court to preclude questioning or evidence relating to Plaintiff's alleged past history of drug and/or alcohol use.  He argues that no evidence has been uncovered that would indicate that Plaintiff was under the influence of drugs or alcohol at the time of this incident, and, therefore, any such evidence is inadmissible under Rules 401-403.

In Response, Defendants again argue that the evidence is relevant to the issue of damages.  As discussed above, Plaintiff

GRUBB V. HENSLEY ET AL.                                           1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

is seeking emotional damages.  Plaintiff's history of drug use,
Defendants argue, is admissible as part of Plaintiff's mental
health treatment.  Plaintiff's mental health provider testified
that part of Plaintiff's mental health treatment was related to
drug use that occurred prior to the incident at issue here:

> Q: Did you all discuss his drug use, drug
> abuse, anything like that?
>
> A: We — he did mention a history of drug use.
> Let's see here.  Yes, we did discuss that.
>
> Q: And what did you discuss about his history
> of drug use or abuse?
>
> A: Well, we discussed his recreational use of
> marijuana and — Just bear with me a moment.
> (Examines documents.)  And his wife — he and
> his wife brought up a reported history of hard
> drug usage in the past that — and that seems
> to be the extent.

Snyder Dep., Proposed Tr. Exh. 16, at 15:6–16.  Plaintiff's mental
health provider also testified that Plaintiff self-medicated with
marijuana after the incident at issue in this case:

> Q: Did you all discuss whether Mr. Grubb was
> self-medicating with marijuana or any other
> drugs for his anxiety or his nightmares or his
> insulation from his family?
>
> A: Yes.
>
> Q: What did you learn from that?
>
> A: He was using marijuana.
>
> Q: To treat himself for his anxiety and his

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

> anger issues and his nightmares?
>
> A: I have included in my notes that he was
> using marijuana. He had made improvements
> with his use to cope with his anxiety — to
> cope with the anxiety, yeah. Then at our last
> session he reported progress with his anxiety
> to the point that he doesn't even think about
> using marijuana.

Id. at 27:6-20. Plaintiff's mental health provider testified that she had advised Plaintiff against using marijuana: she said that she "encourag[ed] him to move forward connecting with family and his community as a way of regulating his anxiety versus using marijuana." Id. 27:21-28:4.

The Court agrees with Defendants that evidence of Plaintiff's drug use is relevant to the issue of damages. If Plaintiff intends to present testimony and argue at trial that he suffered emotional distress, his self-medication with marijuana and his marijuana use prior to March 16, 2019, are relevant to his alleged damages. Defendants also intend to argue, and may argue, that Plaintiff's mental health treatment was, at least in part, related to recreational drug use that occurred prior to the arrest that is the subject of the instant suit. Finally, evidence that Plaintiff used marijuana against his therapist's advice is evidence that Plaintiff's use of marijuana contributed to his own mental health problems. For these reasons, Plaintiff's motion is **DENIED** with

**GRUBB V. HENSLEY ET AL.**                                    **1:21-CV-37**

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

respect to alleged drug use.  Defendants have not responded
regarding alcohol use, so the motion is **GRANTED** with respect to
alleged alcohol use.  The Court plans to provide the jury with a
limiting instruction that will clarify the scope of its
consideration of Plaintiff's alleged drug use.

**6.   Mention of other charges against Plaintiff aside from
the destruction of property charge**

Plaintiff has moved the Court to preclude mention of the
criminal charges brought against Plaintiff stemming from his
arrest in this incident, other than the destruction of property
charge to which he pleaded no contest.  After reviewing the
Magistrate Court records and the parties' description of them, the
disposition of the charges stemming from this incident is unclear.
It appears that with respect to the events of March 16, 2019,
Plaintiff was charged with three counts of battery, two counts of
obstructing an officer, and one count of destruction of property.
The three counts of battery and two counts of obstructing an offer
appear to have been dismissed.  Relating to conduct on May 22,
2019, Plaintiff was charged with two counts of assault and one
count of destruction of property.  Plaintiff pleaded no contest to
one count of destruction of property, and the two counts of assault

GRUBB V. HENSLEY ET AL.                                        1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

---

were dismissed.[4]   Plaintiff argues that the other charges are
inadmissible under Rules 401–403.

When assessing an excessive force claim, the jury will analyze
whether the force employed by law enforcement was reasonable under
the totality of the circumstances.  Graham v. Connor, 490 U.S.
386, 396 (1989).  The jury will pay "careful attention to the facts
and circumstance of each particular case, including the severity
of the crime at issue, whether the suspect poses an immediate
threat to the safety of the officers or others, and whether he is
actively resisting arrest or attempting to evade arrest by flight."
Id.  The Court agrees with Defendants that evidence of all charges
stemming from March 16, 2019, is relevant to the jury's
consideration of whether Defendants' force was reasonable under
the circumstances.  Specifically, the fact that Plaintiff was
charged with obstruction and battery supports Defendants'
recollection of the incident and their position that Plaintiff was
non-compliant with their commands and a threat to their safety.
The probative value of the evidence is not "substantially
outweighed," as required by Rule 403, by the danger of unfair
prejudice, confusing the issues, or wasting the Court's time.

---

[4] The records indicate that the "no contest" plea to destruction of property
stemmed from conduct on May 22, 2019.  The disposition of the destruction of
property charge from March 16, 2019, is unclear.

GRUBB V. HENSLEY ET AL.                                    1:21-CV-37

### MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]

Plaintiff's motion is, therefore, **DENIED**.  The Court plans to provide the jury with a limiting instruction that will clarify the scope of its consideration of the charges stemming from March 16, 2019.

### 7.  Additional Requests

Plaintiff has also moved the Court to preclude the following: assertions that Plaintiff failed to call a witness to testify; mention to the jury of motions in limine; negative comments about civil lawsuits; references to Plaintiff's contingency fee; misstatements about the burden of proof; mention of collateral sources or write-offs for medical bills; and taxation of Plaintiff's recovery.  Defendants did not respond to any of these requests.  Because the Court intends to conduct the trial in accordance with the Federal Rules of Evidence and Civil Procedure, these motions are **GRANTED**.

### IV.  <u>DEFENDANTS' MOTION TO EXCLUDE [ECF NO. 66]</u>

Defendants have moved the Court to prevent Plaintiff from introducing Exhibits 24 and 25 of Plaintiff's portion of the parties' joint pretrial order.  Plaintiff did not file a response. Exhibit 24 is a West Virginia State Police Memorandum dated October 23, 2001.  Exhibit 25 contains news articles pertaining to the Memorandum.

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE**
**[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND**
**WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

The Memorandum states,

> THE FOLLOWING IS A LIST OF INDIVDUALS [SIC]
> SPREADING DEFAMING RUMORS ABOUT MEMBERS OF THE
> WEST VIRGINIA STATE POLICE, GASSAWAY POLICE
> DEPARTMENT AND THE BRAXTON COUNTY SHERIFFS
> DEPARTMENT.   FOR YOUR INFORMATION, THESE
> PEOPLE DO NOT NEED TO BE GIVEN A BREAK IF YOU
> STOP THEM.   THEY HAVE ALSO STARTED A WEB SITE
> AND PUT MANY OF THESE RUMORS ON THE INTERNET.
> I HAVE GIVEN THE SHERIFF COPIES IF YOU WOULD
> LIKE TO READ IT.

See Exh. 1, Motion, ECF No. 66-1.  It then lists Plaintiff as one of the 11 individuals who were spreading rumors.

Defendants argue that the exhibits were disclosed late, they are irrelevant, they should be excluded under Rule 403, and they constitute hearsay.  Given that the Court has rescheduled this trial multiple times, and months will have passed between the disclosure of these potential exhibits and the trial, the Court rejects Defendants' argument regarding untimeliness.

The Court further disagrees with Defendants' relevance argument.  While the weight of the evidence may not be strong, given that the Memorandum was drafted in 2001 and the trial will take place in 2023, this is cross-examination fodder and not a basis for exclusion.  The exhibits could be interpreted by the jury as making it more likely that officers used unreasonable force against Plaintiff.  The Court also finds that the probative value of the exhibits is not "substantially outweighed," as required by

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

Rule 403, by the danger of unfair prejudice, confusing the issues, or wasting the Court's time.  The only question that remains is whether the exhibits constitute hearsay.

Hearsay is a statement that the "declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  The Memorandum meets the definition of hearsay because, presumably, Plaintiff would offer it for its truth: that law enforcement had identified Plaintiff as someone who had been starting rumors and was not to be given a break if pulled over.  Plaintiff has not argued that any hearsay exception should apply, and the Court is unaware of one that would.

As for Exhibit 25, the newspaper articles discussing the Memorandum, the Fourth Circuit has recognized that "[n]ewspaper articles are rank hearsay."  Greene v. Scott, 637 F. App'x 749, 752 (4th Cir. 2016) (unpublished) (citation omitted).  Plaintiff has not argued that any exception to the hearsay rule is applicable here, and the Court knows of none.  Therefore, Exhibits 24 and 25 are inadmissible hearsay, and Defendants' motion to exclude both is **GRANTED.**

### V.    PLAINTIFF'S OBJECTIONS TO WITNESSES [ECF NO. 60]

Plaintiff filed objections to certain of Defendants' listed

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

witnesses: Ronica Cadle, Ronald Cadle, and Angela Cadle (the "Cadles"). The Cadles are Plaintiff's neighbors. Plaintiff and his wife have been involved in a long-standing dispute with the Cadles.

According to Plaintiff, on the day of the incident at issue in this case, the Cadles threw rocks at Plaintiff's vehicle as he was coming home. The Cadles then followed Plaintiff in their vehicles, threatened Plaintiff and his wife, and threw rocks at Plaintiff's house while Plaintiff's wife and children were inside. Plaintiff then retaliated and damaged one or more of the Cadles' vehicles. This disturbance is the reason that Defendants and other law enforcement officers were called to Plaintiff's home. Both Plaintiff and the Cadles were arrested for destruction of property. When law enforcement arrived at Plaintiff's house, the Cadles had already returned home, so they were not eyewitnesses to the incident.

Plaintiff argues that the Cadles should be excluded as witnesses under Rule 403 of the Federal Rules of Evidence. He argues that Defendants will use the Cadles to tarnish Plaintiff in the eyes of the jury because the Cadles will claim that Plaintiff was the aggressor on the day he was arrested. Plaintiff also argues that Defendants will use testimony from the Cadles to

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

improperly impugn Plaintiff's character at trial. Plaintiff believes that the Cadles will likely testify about their history with Plaintiff and testify that Plaintiff is violent and aggressive. Defendants will then seek to use that evidence of other alleged wrongful acts to falsely establish that Plaintiff acted consistently with that character when he allegedly resisted arrest.

In Defendants' Response, they do not address the motion to exclude the Cadles as witnesses, focusing instead on Plaintiff's objections to specific exhibits. During the pretrial conference, Defendants argued that the jury will need to understand why police to come to Plaintiff's house in the first place. They also argued that the Cadles' testimony is admissible to assess damages because there was a physical altercation before the police arrived. Plaintiff suggested that a limiting instruction could be beneficial.

The Court finds that the Cadles' anticipated testimony about the events on March 16, 2019, leading up to law enforcement's arrival is relevant to the substantive allegations in the case. As Defendants point out, it is also relevant to the question of damages. As such, the objection is **OVERRULED IN PART.** The Court finds that any testimony from the Cadles relating to events before

GRUBB V. HENSLEY ET AL.                                       1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

or after March 16, 2019, is irrelevant and will be excluded. To this extent, the objection is **SUSTAINED IN PART**. If the parties request, the Court can instruct the Cadles outside of the jury's presence about the limited nature of their testimony. Further, if the parties believe that a limiting instruction would be warranted, they may file a proposed limiting instruction with the Court. For these reasons, Plaintiff's objection to Defendants' witnesses is **OVERRULED IN PART** and **SUSTAINED IN PART**.

### VI.   PLAINTIFF'S OBJECTIONS TO EXHIBITS [ECF NO. 60]

Plaintiff objects to Exhibit Nos. 13, 14, 15, 17, 18, and 19 on Defendants' Exhibit List. The exhibits are documents and videos pertaining to multiple arrests of Plaintiff, including his arrest on March 16, 2019 (forming the basis of this lawsuit) and subsequent arrests on May 22, 2019; July 6, 2019; and May 18, 2020. Plaintiff argues that the exhibits are irrelevant under Rule 401, inadmissible under Rule 403, and improper character evidence under Rule 404.

Overall, Defendants argue that the exhibits are relevant to the issue of damages. According to Defendants, Plaintiff claims that due to the purported injuries he suffered in this case, he was no longer physically capable of maintaining his lawn care/landscaping business, he was unable to walk, he was "unable

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

to get off the couch, basically," he was unable to drive, and he is entitled to lost wages. He further alleges that "since the incident with defendants, due to his emotional injuries, Plaintiff is seeing a therapist and has been prescribed prescription medication for anxiety and depression." With this background, the Court will discuss each exhibit in turn.

### 1. Defendants' Exhibit 15 – Plaintiff's Magistrate Court Records

Despite Plaintiff's characterization of Exhibit 15 as relating only to the arrest on March 16, 2019, Exhibit 15 includes magistrate court records relating to all of the arrests listed above. Exhibit 15 includes the following:

- Relating to March 16, 2019:

  - Criminal complaint charging Plaintiff with three counts of battery, two counts of obstructing an officer, and one count of destruction of property;

  - Orders dismissing the three counts of battery and two counts of obstructing an officer;

- Relating to May 22, 2019:

  - Criminal complaint charging Plaintiff with two counts of assault and one count of destruction of property;

  - Orders indicating that Plaintiff pleaded "no contest" to the May 22, 2019, destruction of property charge, and dismissal of the two counts of assault;

GRUBB V. HENSLEY ET AL.                                1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

- Relating to July 6, 2019:

    - Report of criminal investigation indicating that Plaintiff was issued a citation for possession of less than 15 grams of marijuana;

- Relating to May 18, 2020:

    - Report of criminal investigation indicating that Grubb had threatened and hit Spencer Hall and was arrested for one count of assault and one count of battery;

    - Criminal complaint indicating that Plaintiff was charged with one count of assault and one count of battery; and

    - Order indicating that Plaintiff was adjudged guilty of assault, and the battery charge was dismissed.

In an effort to track Plaintiff's motion, the Court will only address the documents relating to March 16, 2019, in this section.

When assessing an excessive force claim, the jury will analyze whether the force employed by law enforcement was reasonable under the totality of the circumstances. Graham, 490 U.S. at 396. The jury will pay "careful attention to the facts and circumstance of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

Here, all of the charged conduct from March 16, 2019, is

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

relevant to the jury's consideration of whether Defendants' use of force was reasonable.  It supports Defendants' recollection of the incident and their position that Plaintiff was non-compliant with their commands and, potentially, a threat to their safety.  This portion of Exhibit 15 does not constitute improper character evidence when admitted for this reason.  The evidence's probative value is not "substantially outweighed," as required by Rule 403, by the danger of unfair prejudice, confusing the issues, or wasting the Court's time.  Therefore, Plaintiff's objection to this portion of Exhibit 15 is **OVERRULED.**  The Court plans to provide the jury with a limiting instruction that will clarify the scope of its consideration of records relating to Plaintiff's criminal history.

## 2.    Defendants' Exhibits 17, 18 – Plaintiff's May 22, 2019, Arrest

Exhibit 17 includes more records relating to Plaintiff's arrest on May 22, 2019: a report of criminal investigation, Court Disposition Reporting, and a preliminary estimate on Elizabeth Chapman's vehicle.  Exhibit 18 is a video of the incident on May 22, 2019.[5]  In the video, two occupants, one of whom is filming, are sitting in a truck.  Their truck is parked in the road, and

---

[5] Defendants' exhibit binder mistakenly states that this video is accessible on the thumb drive at the Exhibit 14 tab.  It is actually located at Exhibit 18 on the thumb drive.

GRUBB V. HENSLEY ET AL.                                    1:21-CV-37

### MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE [ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]

Plaintiff's vehicle is parked in front of the truck. Plaintiff appears to have just exited the vehicle and walks towards the truck. The video shows Plaintiff repeatedly walking back and forth, swearing and threatening the truck's occupants, smacking the truck, and filming the occupants of the truck.

Defendants argue that this evidence is relevant to the question of damages. Just over two months after Plaintiff's arrest on March 16, 2019 (the subject of this lawsuit), Plaintiff does not show any signs of ambulatory issues. He is not limping or favoring one leg over another. The video refutes Plaintiff's claims that he could not physically walk after his arrest and that he suffered injuries to his leg, head, and face. It is also relevant to Plaintiff's claim for lost wages.

The Court agrees with Defendants that Exhibits 17 and 18, along with the records in Exhibit 15 related to May 22, 2019, are relevant to the issue of damages. While the video and records are prejudicial to Plaintiff, their probative value is not "substantially outweighed," as required by Rule 403, by the danger of unfair prejudice, confusing the issues, or wasting the Court's time. Further, the evidence does not constitute improper character evidence when admitted for the purposes of damages. Therefore, Plaintiff's objections to Exhibits 17 and 18 and, to the extent

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

asserted on this issue, his objection to Exhibit 15 are **OVERRULED.**
The Court plans to provide the jury with a limiting instruction
that will clarify the scope of its consideration of the videos and
records.

### 3. Defendants' Exhibit 19 — Plaintiff's July 6, 2019, Arrest

Exhibit 19 includes more records relating to Plaintiff's
arrest on July 6, 2019, some of which are repeated from Exhibit
15: Report of Criminal Investigation, records from the
Lewis/Gilmer Count 911 Center, records from the West Virginia
Intelligence Exchange, and a West Virginia State Police Evidence
Room Receipt. Less than four months after the arrest that is the
subject of this suit, Plaintiff was stopped by law enforcement
while driving and arrested for possession of marijuana. The arrest
report explains that Plaintiff was pulled over for an expired motor
vehicle inspection, and the arresting officer "noted the unique
odor of marijuana emanating from within the vehicle." See Exh. F,
Response, ECF No. 69-6. During a search of Plaintiff's vehicle,
officers found a broken glass marijuana smoking device, another
glass smoking device with residue having the "unique odor of
marijuana," and an empty sandwich bag containing residue having
the "odor of marijuana." Id.

Again, Defendants argue that Exhibit 19, along with the

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

records in Exhibit 15 that relate to July 6, 2019, is relevant to the question of damages.  It refutes Plaintiff's claim that he could not drive.  In addition, evidence of Plaintiff's marijuana possession is relevant to his claim that he suffers from PTSD as a result of the March 16, 2019, incident.  Plaintiff's therapist testified that she was aware that Plaintiff was self-medicating with marijuana but that she had advised against it.  This is evidence that Plaintiff's use of marijuana contributed to his own mental health problems.

The Court agrees with Defendants that Exhibit 19, along with the records in Exhibit 15 related to July 6, 2019, is relevant to the issue of damages.  The evidence's probative value is not "substantially outweighed," as required by Rule 403, by the danger of unfair prejudice, confusing the issues, or wasting the Court's time.  Further, it does not constitute improper character evidence when admitted for the purposes of damages.  Therefore, Plaintiff's objection to Exhibit 19 and, to the extent it is asserted on this issue, his objection to Exhibit 15 are **OVERRULED**.  The Court plans to provide the jury with a limiting instruction that will clarify the scope of its consideration of the evidence.

### 4.  Defendants' Exhibits 13 and 14 – Plaintiff's May 18, 2020, Arrest

Exhibit 13 includes more records relating to Plaintiff's

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

arrest on May 18, 2020, some of which are repeated from Exhibit 15: a report of criminal investigation and court disposition reporting paperwork. Exhibit 14 is the video of the incident leading to the arrest. The video depicts an interaction between Plaintiff and, presumably, "Spencer." Spencer is in the car with a passenger, who is recording. Plaintiff walks up to the vehicle and begins to threaten them about what will happen if they go "flying" through the area again. The occupants argue with him. Then Plaintiff reaches inside the vehicle and hits Spencer in the head. Spencer gets out of the car but then returns to the car.

Again, Defendants argue that these exhibits are relevant to the issue of damages. The exhibits also call into question Plaintiff's allegations of mental distress. The Court agrees with Defendants that Exhibits 13 and 14, along with the records in Exhibit 15 related to May 18, 2020, are relevant to the issue of damages. The evidence's probative value is not "substantially outweighed," as required by Rule 403, by the danger of unfair prejudice, confusing the issues, or wasting the Court's time. Further, it does not constitute improper character evidence when admitted for the purposes of damages. Therefore, Plaintiff's objections to Exhibits 13 and 14 and, to the extent asserted on this issue, his objection to Exhibit 15 are **OVERRULED**. The Court

GRUBB V. HENSLEY ET AL.                                        1:21-CV-37

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE
[ECF NOS. 47, 48], MOTION TO EXCLUDE [ECF NO. 66], AND
WITNESS/EXHIBIT OBJECTIONS [ECF NO. 60]**

plans to provide the jury with a limiting instruction that will
clarify the scope of its consideration of the evidence.

### VII. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- Defendants' motions in limine are **GRANTED** [ECF No. 47];

- Plaintiff's omnibus motions in limine are **GRANTED IN PART, DENIED IN PART,** and **HELD IN ABEYANCE IN PART** [ECF No. 48];

- Defendants' motion to exclude is **GRANTED** [ECF No. 66]; and

- Plaintiff's objections to witnesses and exhibits are **OVERRULED IN PART** and **SUSTAINED IN PART** [ECF No. 60].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum
Opinion and Order to counsel of record.

DATED: March 8, 2023

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA